# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:09-CV-539-RLV-DCK

| | |
|---|---|
| WILLIAM E. BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE PIPE & FOUNDRY )<br>COMPANY, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Quash Subpoenas And For A Protective Order" (Document No. 12) filed June 23, 2010. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and the applicable authority, the undersigned will grant the motion in part and deny the motion in part.

The pending motion provides that the *pro se* Plaintiff notified Defendant's counsel on Wednesday June 23, 2010, of his intent to conduct eighteen (18) depositions over the course of three days – Friday June 25, 2010, Saturday June 26, 2010 and Monday June 28, 2010. Apparently, the proposed deponents were served subpoenas by the Plaintiff himself, on or about June 22, 2010. (Document No. 12-1). The extended discovery deadline for this case is June 30, 2010. The "Pretrial Order And Case Management Plan" (Document No. 4) filed by the Court on February 9, 2010, and agreed to by the parties, allowed each party to "take no more than **six (6)** depositions of non-expert witnesses."

For good cause shown in Defendant's motion, and pursuant to Fed.R.Civ.P. 45(c)(3), the undersigned will grant the motion to the extent it seeks to quash the subpoenas Plaintiff has issued for depositions June 25 through June 28, 2010.

To the extent Defendant's motion seeks a protective order and costs and attorney's fees, the motion will be denied. Plaintiff, however, should take notice that any similar actions in this matter that clearly violate the Federal Rules of Civil Procedure, the Local Rules and/or the "Pretrial Order and Case Management Plan" will likely result in sanctions against him.

Noting Plaintiff's *pro se* status, and Defendant counsel's travel schedule, the Court will *sua sponte* allow an additional brief extension of the discovery deadline for the limited purpose of conducting Plaintiff's depositions - if such depositions can be arranged consistent with the "Pretrial Order and Case Management Plan" and Fed.R.Civ.P. 45.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Quash Subpoenas And For A Protective Order" is **GRANTED** in part and **DENIED** in part, as described above.

**IT IS FURTHER ORDERED** that the discovery deadline in this matter is extended to **July 16, 2010**. All other deadlines remain unchanged, including the **July 28, 2010** deadline for filing a report on the results of the parties' mediation.

Signed: June 24, 2010

David C. Keesler
United States Magistrate Judge