# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:09cv539

| | |
|---|---|
| WILLIAM E. BROWN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) MEMORANDUM OF<br>) DECISION and ORDER |
| CHARLOTTE PIPE & FOUNDRY COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment (#16). In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, was advised that he carries a heavy burden in responding to a motion for summary judgment, instructed as to the manner for filing affidavits, and provided additional time to file any materials or arguments. *Roseboro* Order (#28). On April 18, 2011, plaintiff filed a supplemental response (#29), which the court has considered. On April 29, 2011, the court conducted a hearing and heard arguments from the parties. Having considered all the materials of record and conducted a hearing, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

#### A. Nature of the Action

Plaintiff, proceeding *pro se*, asserts three causes of action against his employer under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and under the Age Discrimination in Employment Act (hereinafter the "ADEA"):

(1) race and age discrimination in his non-selection for an inside sales position;

-1-

(2) hostile work environment/harassment; and

(3) "pay equality."

In his responses, plaintiff abandoned his "pay equality" claims, which he conceded at the hearing.

B. **Factual Background Relevant to Plaintiff's Remaining Claims**

The court has considered all of the evidentiary materials submitted. In his Complaint, plaintiff contends under Title VII and the ADEA that he was not awarded one of two posted jobs as an inside sales person in 2007 because of his race and age. Defendant is engaged in the business of manufacturing pipe and fittings and selling such products to the public. It is undisputed that at the times relevant to his Complaint, plaintiff was an employee of defendant who held (and still holds) a position involving the manufacture of pipe and fittings, which is referred to as a "foundry" or outside job. Apparently, two sales positions or "inside" jobs were posted in either 2006 or 2007 which plaintiff alleges he applied for and did not get because of his race and age. See Plaintiff's Depo., Vol. I, at p. 46; Johnson Affidavit, at ¶ 5. The inside sales jobs, however, paid less than the outside foundry job held by plaintiff. Id., at ¶ 6. Despite such undisputed fact, plaintiff contends that such jobs would have been promotions and that his non-selection for such positions amounted to an adverse employment action.

Review of the entirety of the record reveals that the only evidence plaintiff has that defendant's hiring of others for the inside sales positions violated Title VII is the fact that the people who defendant hired were white and he is African-American. Plaintiff has neither alleged nor does he know the ages of such individuals and has, therefore, presented no evidence that would support an ADEA claim  In addition, plaintiff asserts that defendant "elevated less qualified employees over the Plaintiff . . . on the basis of his age and race from

May 2007 through July 2007." Complaint (#1-2), at p. 4. While defendant has presented evidence concerning the academic and professional credentials of the applicants who were hired, plaintiff has presented no evidence of his own academic or professional achievements. He has presented no evidence that his qualification for the positions met or exceeded those of the successful applicants, both of whom had college degrees and the desired experience dealing with the public in either prior sales positions or careers in law enforcement, both of which dealt with the public. While plaintiff alleged and testified that he applied for both positions, he admittedly has no evidence other than his own recollection that he applied for the positions when they were posted in 2006. He has no copies of his cover letter or resume; he cannot recall the person he spoke to about the positions; and he testified that he did not question the fact that he was never interviewed. See Plaintiff's Depo., Vol. I, at pp. 70-71, & 75.

In support of its Motion for Summary Judgment, defendant has presented evidence that the decision maker, Jeffrey W. Greene, never received an application from plaintiff, did not know plaintiff's race or age, and did not know who he was or that he even worked at the plant as Mr. Greene worked at another facility. Green Affidavit, ¶¶ 5, 7-11. Finally, plaintiff has presented no evidence that age or race played any role in the decision making process and only proffers his own speculation that Mr. Greene made his hiring decisions based on race and/or age.

## II.     Rule 56 Standard

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the

reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> (**1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must

> come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

### III. Discussion of Plaintiff's Title VII/ADEA Claims

#### A. Burden Shifting Analysis

Plaintiff has presented no direct evidence of discrimination under Title VII or the ADEA; thus, to survive summary judgment as to either claim, plaintiff must establish a *prima facie* case of discrimination under a burden shifting analysis. If the plaintiff establishes a *prima facie* case, the burden shifts to the employer to show that there were legitimate, non-discriminatory reasons for the employment decisions. If an employer satisfies that requirement, the burden then shifts back to the plaintiff to show that the employer's proffered reasons are false and a pretext to conceal intentional unlawful discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

First, to survive summary judgment on either a Title VII claim or an ADEA claim, plaintiff must establish a *prima facie* case of discrimination by now coming forward with circumstantial evidence sufficient on each element of a *prima facie* case. In a failure to promote case, a plaintiff must show:

> "(1) plaintiff is a member of a protected group; (2) plaintiff applied for the position in question; (3) plaintiff was qualified for the position; and (4) plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination."

Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994)( quoting McNairn v. Sullivan, 929 F.2d 974, 977 (4th Cir.1991)).

If the plaintiff establishes a *prima facie* case, the burden then shifts to the employer to show that there were legitimate, non-discriminatory reasons for the employment decisions it made. If an employer satisfies that requirement, the burden then shifts back to plaintiff to show that the employer's proffered reasons are false and a pretext to conceal intentional unlawful discrimination. McDonnell Douglas Corp. v. Green, supra.

**B.     Plaintiff Has Not Established a *Prima Facie* Case of Age or Race Discrimination**

Defendant argues that there was no adverse employment action as the positions plaintiff allegedly applied for paid less than the job he then held. Further, defendant argues that plaintiff's non-selection could not be considered as an adverse action as the job would not have been a promotion.

The court will consider, for the limited purposes of argument, that an inside sales job would be a promotion as the job was arguably more desirable based on the relative physical demands of each position as well as the likely working environment. "We have held that a job is a "promotion", although it does not represent an immediate increase in pay, if it has better working conditions or greater long term earnings potential." Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1134 (11th Cir. 1984). A search of the deposition testimony presented reveals no evidence that plaintiff would have declined the position had it been offered.

While defendant correctly points out that plaintiff has presented no physical evidence that he actually applied for either inside sales position, it is clear from plaintiff's deposition that he believes he applied for the positions and he has testified in a manner consistent with that belief. As such testimony would be probative on the element of whether he applied for either position, an issue of fact remains on that element and it would be up to a jury to determine whether plaintiff's testimony is credible if this action otherwise survives summary judgment. As resolution of such issue could well depend upon a determination of credibility, summary judgment is improper on such element. Davis v. Zahradnick, supra. Thus, the court will deem for the limited purpose of considering the instant motion that plaintiff

applied for the inside sales positions.

The court further assumes that the denial of his application was an adverse employment action. However, even assuming that the job was a promotion and that the denial of plaintiff's application was an adverse employment action, plaintiff's Title VII and ADEA claims still fail on summary judgment as he has not presented evidence upon which a finder of fact could determine that he was equally or more qualified for the positions than the candidates who were hired or that race or age played any role in the decision-making process.

As to the element of qualification, the court has closely considered whether plaintiff has presented evidence that could satisfy his burden of showing that he was more qualified for the positions than the candidates who actually were hired or promoted. Plaintiff has admitted that he does not know what the qualifications were of the successful candidates; rather, he simply disagrees that the successful candidates were more qualified. It is undisputed that both candidates were college educated and had prior experience in jobs that required interaction with the public - - qualifications that defendant unquestionably found desirable in a sales job dealing with the public. The case law is clear that speculation and conjecture raise a mere *possibility* of discrimination rather than the *reasonable probability* which is necessary to support an inference of discrimination. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241-42 (4th Cir. 1982). Speculative assertions that a defendant's motivation was unlawful is not enough to withstand summary judgment, Goldberg v. B. Green and Co., 836 F.2d 845, 848 (4th Cir. 1988), and conclusory statements will not satisfy plaintiff's burden in responding to the motion for summary judgment. Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp., 828 F.2d 211 (4th Cir. 1987). Unsupported allegations "do not confer talismanic immunity from Rule 56." Ross v. Communications Satellite Corp.,

759 F.2d 355, at 365 (4th Cir. 1985). More specifically, the Fourth Circuit in several cases has consistently held that feelings or perceptions of discrimination by the employee are irrelevant:

> we have repeatedly explained that "'[i]t is the perception of the decision maker which is relevant,' not the self-assessment of the plaintiff." Accordingly, the plaintiff's "perception of [her]self . . . is not relevant." Similarly, that plaintiff's coworkers may have thought that [she] did a good job, or that [she] did not 'deserve' [to be discharged], is close to irrelevant."

DeJarnette v. Corning Incorporated, 133 F.3d 293 (4th Cir. 1998)(citations and quotations omitted). Plaintiff's speculation that he was more qualified simply is not relevant to the inquiry.

As to the element requiring plaintiff to present evidence that he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination, plaintiff has come forward with no evidence that race or age had anything to do with the decision of Mr. Greene to hire two white employees. While the court has accepted for argument plaintiff's assertion that he applied for the positions, plaintiff has not rebutted the undisputed evidence is that Mr. Greene did not even know that plaintiff was interested in the position, that he even worked at defendant's plant, or the race or age of plaintiff. Further, the undisputed evidence is that Mr. Greene was also in the protected age class of plaintiff, which suggests that age was not a motive in the decision-making process, Love v. Alamance Co. Bd. of Educ., 757 F.2d 1504, 1509 (4th Cir. 1985), and that he had hired African-Americans for other positions. At most, plaintiff's testimony that his age and/or race is speculation and not probative on such element.

Plaintiff has failed to present evidence upon which a reasonable jury could find a prima facie case of discrimination on the basis of age or race. Plaintiff has failed to present sufficient evidence that he was as qualified for the inside sales position as the successful

–9–

candidates, much less that he was more qualified, Further, plaintiff has presented no evidence beyond his own speculation that race or age played any role in the decision making process of the sole decision maker, Mr. Greene.

### C. Legitimate, Non-Discriminatory Reason

Even if the court were to assume that plaintiff had made out a *prima facie* case of age and race discrimination, defendant has presented evidence that it hired the successful candidates based on a determination that they were the best qualified candidates for the positions. Mr. Greene averred that he offered the successful candidates the jobs because they had the necessary skill sets required for the inside sales positions. Greene Aff., at ¶¶ 6-9. Thus, defendant has satisfied its burden of coming forward with a legitimate, non-discriminatory reason for its employment decisions.

### D. Pretext

Defendant having presented a legitimate, non-discriminatory reason for its employment decision, the burden shifts back to plaintiff to show that such reason is a mere pretext and that the real reason plaintiff did not get the promotions was because of his race or age. Plaintiff has not rebutted such proffer. Indeed, plaintiff's own job performance record contained numerous reports of absenteeism and tardiness, which appeared to be among the factors considered by Mr. Greene in making his decision. Job performance and relative employee qualifications are widely recognized as valid, non-discriminatory bases for any adverse employment decision. Evans v. Technologies Applications & Service Co., 80 F.3d 954, 960 (4th Cir. 1996). Plaintiff admitted in his deposition that no management official ever made any negative comment to him about his race or age. Plaintiff's Depo., Vol. I, at 100. It remains undisputed that Mr. Greene was not aware of plaintiff's race, was not aware of plaintiff's age, and did not even know who plaintiff was or that he was

employed at the Company. It is also undisputed that Mr. Greene hired and promoted African-Americans and individuals over the age of 40. Greene Aff., at ¶¶ 3-4; Greene Second Aff., at ¶¶ 9-10.

Finally, the court considered plaintiff's post-*Roseboro* submission of the affidavits of Messrs. Bennett and Asante. While such affidavits outline such fellow workers' perceptions of workplace discrimination and unfairness in pay for skilled and semi-skilled work, such evidence is simply not relevant to the issue of whether age or race had any role in Mr. Greene's decision concerning who would fill the two inside sales jobs.

The court concludes that plaintiff's age and race claims would also fail as he had failed to present evidence which could rebut defendant's legitimate, non-discriminatory reasons for filing the inside sales positions as it did through Mr. Greene.

**IV.    Discussion of Plaintiff's Hostile Work Environment Claim**

Plaintiff has also asserted a hostile work environment claim. Defendant has moved to dismiss this claim in accordance with Rule 12(b)(1), contending that this court lacks subject matter jurisdiction over such claim inasmuch as plaintiff failed to exhaust administrative remedies.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil

Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982). In <u>Richmond, Fredricksburg & Potomac R.R. Co. V. United States</u>, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. <u>Id.</u>; <u>Trentacosta v. Frontier Pacific Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. <u>Trentacosta</u>, <u>supra</u>, 813 F.2d at 1559 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. <u>Trentacosta</u>, <u>supra</u>, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. <u>Revene v. Charles County Comm'rs</u>, 882 F.2d 870, 872 (4th Cir.1989); <u>Shultz v. Dept. of the Army</u>, 886 F.2d 1157, 1159 (9th Cir.1989).

<u>Id.</u>, at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. <u>United States v. North Carolina</u>, 180 F.3d 574, 580 (4th Cir. 1999).

First, to prove a *prima facie* case of hostile work environment based on age or racial harassment, it is plaintiff's burden to show this court that: (1) there was unwelcome harassment; (2) the harassment was based on race (or age); (3) the harassment was so severe or so pervasive that it altered the conditions of employment and created an abusive

atmosphere; and (4) there is some basis for imposing liability on the employer. Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998).

In this case, however, the court cannot consider those substantive factors as it lacks subject matter jurisdiction over such claim as plaintiff failed to raise a hostile work environment claim in his administrative charge filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"). 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626. In the Fourth Circuit, it is clear that:

> [o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.

Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124 (4th Cir. 2002). It is undisputed that plaintiff's 2007 charge of discrimination with the EEOC only concerned the alleged failure to promote plaintiff to one of the inside sales positions, while no mention was made of being subjected to a hostile work environment based on age or race. Plaintiff's claim of a hostile work environment is not reasonably related to the original claim of failure to promote; therefore, the court lacks subject matter jurisdiction over this claim. This claim will, therefore, be dismissed in accordance with Rule 12(b)(1).

Even if the court were to assume that a hostile work environment claim was reasonably related to the failure to promote claim actually made and that plaintiff had exhausted his administrative remedies, plaintiff's proffer would not be sufficient to prove a *prima facie* case that he was subjected to a hostile work environment. In this case, plaintiff points to isolated incidents of harassment by coworkers, which appear to have no relationship to either plaintiff's age or race. For liability to be imputed to the employer, the aggrieved

employee must produce sufficient evidence of actual or constructive knowledge of unlawful harassing behavior plus a failure to take prompt and adequate action to stop such behavior. Sutton v. Zemex Corp., 261 F.Supp.2d 392, 399 (W.D.N.C. 2003). As neither Title VII nor the ADEA prohibit the full spectrum of juvenile, petty, and offensive conduct that is possible in the workplace, the only conduct that is relevant is class-based conduct that is prohibited by the statutes of which defendant knew or should have known.

Plaintiff testified that the one time a racial comment was brought to the attention of supervisors, the supervisor took disciplinary action against the employee who made the comment. Plaintiff's Depo., Vol. II, at 47-48. The only complaint made by plaintiff concerning harassment was after he received his May 2009 EDR, which appears to have been a generalized complaint concerning a co-worker who plaintiff perceived to be an intermeddler in his employment relationship. This co-worker is also African-American and within the same protected age class as plaintiff. Johnson Aff., at ¶ 11. Even as to that conduct, plaintiff described the perpetrator as an equal-opportunity trouble maker. Plaintiff's Depo., at ¶ 43. As to why plaintiff believed such conduct had anything to do with a hostile work environment allowed by defendant, plaintiff testified as follows:

> But I just assume or it just feels like that there's some type of a functional link there where it seems like management has aided and abetted and, in some cases, even rewarded harassment.

Plaintiff's Depo., Vol. II, at p. 48. Again, speculation and conclusory statements are not probative and are not sufficient evidence for a jury to find that plaintiff was subjected to a hostile work environment.

What is clear from all the evidence is that plaintiff is dissatisfied with the pay defendant provides for the work he does and believes he should be paid at a skilled versus a semi-skilled level. Id., Vol. II, at p. 154. However, receiving less pay than one believes they

deserve is not actionable under the civil rights laws as long as that pay decision has nothing to do with any protected status. In this case, the evidence presented is clear and undisputed that supervisors investigated the plaintiff's complaint and met with plaintiff concerning the results of their investigation. Plaintiff's Depo., Vol. II, at pp. 45-48, 50-51. There simply is no evidence that plantiff was exposed to harassment based on any status protected by either the ADEA or Title VII. While plaintiff disagrees with the result of such investigation, the ADEA and Title VII do not make federal courts the arbiters of all employment disputes. DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998).

Finally, plaintiff admits that his purported hostile work environment claim is not race or age based. Id., at 42-43. Thus, summary judgment is appropriate on plaintiff's hostile work environment claim.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#16) is **ALLOWED**, judgment is granted in favor of defendant and against plaintiff, and judgment is entered providing that plaintiff's Complaint is **DISMISSED** with prejudice, and that plaintiff have and take nothing of this defendant.

### Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing

a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See <u>United States ex rel. Leonard v. O'Leary</u>, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: June 13, 2011

Max O. Cogburn Jr.
United States District Judge